UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHERYL ZIBBELL,

    Plaintiff,

v.

    Case No. 2:12-cv-302
    HON. R. ALLAN EDGAR

MARQUETTE COUNTY RESOURCE
MANAGEMENT,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiffs Jeffrey Zibbell and Cheryl Zibbell filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Marquette County Resource Management. For the reasons set forth below, the undersigned now recommends dismissal of Plaintiffs' complaint in its entirety.

The undersigned notes that Plaintiff's claims in this lawsuit are barred by the res judicata effect of this court's decision in *Zibbell, et al. v. Granholm, et al.*, Case No. 2:07-cv-96 (W.D. Mich. Apr. 14, 2008). The doctrine of claim preclusion, sometimes referred to as res judicata, provides that if an action results in a judgment on the merits, that judgment operates as an absolute bar to any subsequent action on the same cause between the same parties or their privies, with respect to every matter that was actually litigated in the first case, as well as every ground of recovery that might have been presented. *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994); *see Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 467 n.6 (1982); *see also Bowen v. Gundy*, No. 96-2327, 1997 WL 778505, at * 1 (6th Cir. Dec. 8, 1997). Claim preclusion operates

to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and by preventing inconsistent decisions, encourage reliance on adjudication. *Allen v. McCurry*, 449 U.S. 90, 94 ( 1980).

In order to apply the doctrine of claim preclusion, the court must find that (1) the previous lawsuit ended in a final judgment on the merits ; (2) the previous lawsuit was between the same parties or their privies; and (3) the previous lawsuit involved the same claim or cause of action as the present case. *Allen*, 449 U.S. at 94; *accord Federated Dept Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). The court notes that the allegations in the instant complaint were previously asserted in a complaint filed in this court in 2007. *See Zibbell, et al. v. Granholm, et al.*, Case No. 2:07-cv-96 (W.D. Mich. Apr. 14, 2008). In fact, Plaintiff concedes that she previously asserted these claims in the body of her complaint in this case. (Docket #1, p. 1.) Plaintiff named the instant defendant as a defendant in that case. In the judgment, the court dismissed Plaintiff's claims against all defendants with prejudice. Therefore, Plaintiff's complaint is properly dismissed.

In conclusion, the undersigned recommends that Plaintiff's complaint be dismissed because it is barred by the doctrine of res judicata. Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the undersigned recommends dismissal of this action, the undersigned discerns no good-faith basis for an appeal. Should the court adopt the report and recommendation and should Plaintiff appeal this decision, the court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within 14 days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   October 12, 2012