UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHERYL A. ZIBBELL,

      Plaintiff,

v.                                  Case No. 2:12-cv-302
                                  HON. R. ALLAN EDGAR

MARQUETTE COUNTY
RESOURCE MANAGEMENT,

      Defendant.

_____/

**MEMORANDUM AND ORDER**

**I.**    **Complaint**

      Plaintiff Cheryl A. Zibbell brings this federal civil rights action on behalf of her husband, Jeffrey Zibbell, under 42 U.S.C. § 1983. The complaint pleads there is subject matter jurisdiction pursuant to § 504 of the Rehabilitation Act of 1973, codified at 29 U.S.C. § 794, and 28 C.F.R. Part 39. 29 U.S.C. § 794(a) provides that no otherwise qualified individual with a disability in the United States "shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency ...."

      It is alleged that Jeffrey Zibbell is covered by the Rehabilitation Act because he is disabled and receives federal disability income. The complaint claims that Jeffrey Zibbell is being denied benefits and subjected to discrimination by defendant Marquette County Resource Management (MCRM) in violation of 29 U.S.C. § 794 and 28 C.F.R. Part 39 by reason of his disability and low income, and he is being "forced to suffer unequal housing."

1

The entire focus of the complaint is to assert a claim based on the alleged violation of Jeffrey Zibbell's rights under § 504 of the Rehabilitation Act. The complaint, as drafted by Cheryl Zibbell, seeks to name Jeffrey as the sole plaintiff. The complaint does not identify Cheryl Zibbell as the plaintiff and there is no claim that MCRM has violated her rights under 29 U.S.C. § 794 and 28 C.F.R. Part 39.

This Court is familiar with the Zibbells' background based on their prior related lawsuits in Case Nos. 2:07-cv-96 and 2:10-cv-23. The present complaint is summarized as follows. In 1999, the Zibbells decided to purchase and rehabilitate a house at 306 East New York Street, Ishpeming, Michigan in Marquette County. The house needed major repairs especially with regard to substandard electrical wiring.

To obtain funds to rehabilitate the house, Jeffrey Zibbell filed an application with MCRM in 1999 seeking financial assistance through its Housing Rehabilitation Program. The primary goal of the program is to provide financial assistance to eligible low-income homeowners to make needed repairs to improve and maintain their residential property as safe, sanitary dwellings that comply with local housing codes. The source of funds used to operate the program are derived from the United States government and the State of Michigan. The federal funds are provided to Marquette County through the Michigan State Housing and Developmental Authority.

After Jeffrey Zibbell submitted his application for financial assistance, MCRM sent a person to inspect the house. In September 1999, MCRM approved the application. It is alleged that MCRM issued a document stating that Jeffrey was approved to receive $25,000 to rehabilitate the house.

The crux of the complaint is that Jeffrey Zibbell has never received the $25,000 from MCRM. The complaint claims that MCRM's Housing Rehabilitation Program is funded in part by

the United States government and that MCRM's failure or refusal to disburse $25,000 to Jeffrey Zibbell for the purpose of rehabilitating his house violates 29 U.S.C. § 794. Cheryl Zibbell contends that Jeffrey, by reason of his disability and low income, is being excluded from participation in, denied the benefits of, and subjected to discrimination under MCRM's Housing Rehabilitation Program which receives financial assistance from the federal government.

The Zibbells purchased the house in the latter part of 1999. At that juncture, they were living in a tent outdoors. It is alleged that MCRM's housing inspector directed the Zibbells to occupy the house prior to its being rehabilitated. The idea was that the Zibbells could occupy the house to avoid living outdoors in a tent during the harsh winter months. It was the Zibbells' understanding that they would begin rehabilitating the house in the Spring of 2000. After moving into the house, the Zibbells discovered that the roof leaked. It is alleged that the problem with the defective roof was never disclosed to the Zibbells by the seller of the house, real estate agent, housing inspector, appraiser, and mortgage lender.

When the Spring of 2000 arrived, the Zibbells did not receive any communication from MCRM about payment of the $25,000 to rehabilitate the house. The Zibbells contacted the same housing inspector who advised that Jeffrey should reapply to MCRM. The complaint asserts that Jeffrey Zibbell resubmitted his application but MCRM failed or refused to respond.

For the next several years, the Zibbells contacted MCRM to complain and request the $25,000 to rehabilitate the house but MCRM did nothing. At one point a MCRM employee, Dottie Lewis, told Cheryl Zibbell that the person who inspected the house had retired. Cheryl Zibbell was advised to mail a copy of the document showing that MCRM had approved the application for $25,000 to rehabilitate the house but Dottie Lewis went on to say that MCRM would "never have

any funds for Jeffrey Zibbell." Cheryl Zibbell mailed a copy of the approval document to Dottie Lewis and waited but MCRM did nothing. In May 2007, the Zibbells filed a lawsuit in this Court against MCRM and other defendants in Case No. 2:07-cv-96. In prior Case No. 2:07-cv-96, Jeffery Zibbell claimed that he was being subjected to discrimination by MCRM on the basis of his disability and low income.

During the years after 1999, the condition of the Zibbells' house deteriorated to the point that it has been condemned as uninhabitable. Due to damage caused by the leaking roof, there is now mold in the house and the ceiling in a bedroom has caved in or collapsed.

The complaint in this case claims that Jeffrey Zibbell is a victim of discrimination based on his disability in violation of § 504 of the Rehabilitation Act, 29 U.S.C. § 794, in that MCRM has failed or refused to disburse $25,000 to him to rehabilitate the house. Without the $25,000 from MCRM, Jeffrey Zibbell is unable to make necessary repairs to the house including fixing the leaking roof and bringing the electrical wiring into compliance with local housing codes.

In pleading the claim under 29 U.S.C. § 794, the complaint asserts that MCRM's conduct constitutes negligence and fraud. The complaint mixes in allegations of negligence and fraud as part of the 29 U.S.C. § 794 claim. The complaint avers that negligence and fraud on the part of MCRM is actionable as a claim for disability discrimination under 29 U.S.C. § 794.

As the Court reads the complaint, it is claimed that MCRM discriminated against Jeffrey Zibbell in violation of 29 U.S.C. § 794 and 28 C.F.R. Part 39 by being negligent in two ways: (1) MCRM allowed the Zibbells to move into the house prior to rehabilitation; and (2) MCRM failed to provide Jeffrey Zibbell with $25,000 to rehabilitate the leaking roof and electrical wiring. The complaint blames the leaking roof, mold in the house, collapsed ceiling, and substandard electrical

wiring on MCRM's negligence. Thus, the complaint alleges that MCRM is negligent and at fault for allowing the condition of the house to deteriorate since 1999.

The fraud allegation is more difficult to decipher. The complaint avers that MCRM committed fraud by "making it appear" as though Jeffrey Zibbell had been approved to receive $25,000 to rehabilitate the house but then MCRM later denied Jeffrey's application and excluded him from getting the $25,000. The complaint asserts that this was done by MCRM with the knowledge that Jeffrey Zibbell is disabled and lacks sufficient income to employ an attorney.

Plaintiff Cheryl Zibbell seeks to recover the following relief from defendant MCRM on behalf of Jeffrey Zibbell: (1) $25,000 to rehabilitate the house; and (2) compensatory damages for Jeffrey's mental anguish, physical suffering, and expenses.

## II. Allegations of Negligence and Fraud Fail to State Claim Under 29 U.S.C. § 794 and 28 C.F.R. Part 39

The Court concludes that the allegations of negligence and fraud against MCRM fail to state a viable claim upon which relief can be granted under 29 U.S.C. § 794 and 28 C.F.R. Part 39. The common law tort concepts of negligence and fraud are not applicable under the Rehabilitation Act. 29 U.S.C. § 794(a) prohibits discrimination against Jeffrey Zibbell solely by reason of his disability. 29 U.S.C. § 794 and 28 C.F.R. Part 39 do not include or encompass other theories of tort liability sounding in negligence and fraud.

The negligence alleged in the complaint cannot make out a viable claim of intentional disability discrimination under 29 U.S.C. § 794. Simple negligence on the part of MCRM is not equivalent or tantamount to intentional discrimination by reason of Jeffrey Zibbell's disability.

The Court does not construe the complaint as pleading common law tort claims for

5

negligence and fraud under Michigan state law. The complaint does not invoke the Court's supplemental jurisdiction over any Michigan common law tort claims under 29 U.S.C. § 1367.

Moreover, to the extent that Cheryl Zibbell may be attempting to plead common law tort claims on behalf of Jeffrey Zibbell against defendant MCRM for negligence and fraud under Michigan state law, such claims would be subject to dismissal on the ground that they are barred by *res judicata*. Any such claims of negligence and fraud by Jeffrey Zibbell against defendant MCRM under Michigan common law could have been raised by Jeffrey Zibbell in 2007 in his prior lawsuit against MCRM in Case No. 2:07-cv-96.

### III.    Fed. R. Civ. P. 11(a); Cheryl Zibbell is Sole Plaintiff

It is necessary to clarify that the actual plaintiff in this case is Cheryl Zibbell and not Jeffrey Zibbell. The unusual manner in which Cheryl Zibbell has drafted and signed the *pro se* complaint creates some confusion which needs to be cleared up, especially with regard to the application of Rule 11(a) of the Federal Rules of Civil Procedure.

Fed. R. Civ. P. 11(a) provides that every pleading, written motion, and other paper filed with the Court must be signed by at least one attorney of record in the attorney's name or signed personally by a party who is not represented by an attorney. This requirement for executing a complaint is mandatory and cannot be waived. Rule 11(a) provides that the Court must strike an unsigned paper unless the omission is promptly corrected after being called to the attention of the attorney or party.

Cheryl Zibbell drafted, signed, and filed the complaint on behalf of her husband, Jeffrey. Although the complaint names Jeffrey Zibbell as the plaintiff, the complaint is only signed by Cheryl Zibbell in her name. Jeffrey Zibbell cannot proceed as the plaintiff because he is not represented by

an attorney and he has not personally signed the complaint as required by Fed. R. Civ. P. 11(a).

To the extent that Cheryl Zibbell seeks to prosecute this lawsuit with Jeffrey Zibbell as the plaintiff, the complaint fails to comply with Rule 11(a). Cheryl Zibbell cannot sign the complaint in her name and then purport to act on behalf of Jeffrey Zibbell. Cheryl Zibbell is not an attorney at law and she is not licensed to practice law in the State of Michigan. More to the point, Cheryl Zibbell is not admitted to practice law in the United States District Court for the Western District of Michigan. In order for Jeffrey Zibbell to be able to proceed as the plaintiff, he must personally sign the complaint as required by Rule 11(a) which he has failed to do.

When Cheryl Zibbell filed the complaint, the Clerk of Court recognized that she signed the complaint in her name and Jeffrey Zibbell did not sign the complaint as required by Fed. R. Civ. P. 11(a). The Court Clerk correctly docketed the complaint and opened this case as a civil action brought by plaintiff Cheryl Zibbell against defendant MCRM. When Magistrate Judge Greeley entered the order authorizing the plaintiff to proceed *in forma pauperis* [Court Doc. 5] and submitted the report and recommendation [Court Doc. 6], the Magistrate Judge correctly recognized that Cheryl Zibbell is the true plaintiff in this case.

The Court liberally construes and treats the *pro se* complaint as one brought by plaintiff Cheryl Zibbell against defendant MCRM. The Court cannot and does not consider Jeffrey Zibbell to be a plaintiff in this case because the complaint is not signed by him as required by Rule 11(a).

Cheryl Zibbell has persisted in filing documents with the Court wherein she mistakenly represents that Jeffrey Zibbell is the plaintiff. Cheryl Zibbell does not comprehend that the Court deems her to be the actual plaintiff. When Cheryl Zibbell filed her objections to the Magistrate Judge's report and recommendation, she signed the objections in her name. [Court Doc. 7]. The

objections are not signed by Jeffrey Zibbell under Fed. R. Civ. P. 11(a). In sum, the sole plaintiff in this case is Cheryl Zibbell since she is the only person who has signed the complaint and the other documents filed with the Court under Fed. R. Civ. P. 11(a).

Rule 11(a) provides that the Court must strike an unsigned paper unless the omission is promptly corrected after being called to the attention of the attorney or party. The complaint and the objections to the report and recommendation are signed by Cheryl Zibbell in her name only and are not signed by Jeffrey Zibbell. Because the Court deems Cheryl Zibbell to be the plaintiff, it is unnecessary to invoke Rule 11(a) to strike the complaint and objections which are signed by her.

It would serve no useful purpose for the Court to give notice to Jeffrey Zibbell pursuant to Rule 11(a) that, if he desires to proceed as a plaintiff in this case, he must cure the deficiency by signing both the complaint and the objections to the report and recommendation. As a practical matter, it makes no difference whether Jeffrey Zibbell signs the complaint and objections since it would not change the ultimate decision in this case. In the final analysis, the entire complaint must be dismissed with prejudice on the ground it is barred by the doctrine of *res judicata*.

## IV.    Lack of Standing

The complaint must be dismissed because Cheryl Zibbell lacks standing to bring this federal civil rights action on behalf of Jeffrey Zibbell under 42 U.S.C. § 1983. The entire focus of the complaint is to assert claims against MCRM based on the alleged violation of Jeffrey Zibbell's rights under § 504 of the Rehabilitation Act, 29 U.S.C. § 794, and 28 C.F.R. Part 39.

Although Cheryl Zibbell is married to Jeffrey, she cannot bring this complaint pursuant to 42 U.S.C. § 1983 to assert Jeffrey's individual rights under 29 U.S.C. § 794 and 28 C.F.R. Part 39. It is well settled that a claim under 42 U.S.C. § 1983 is entirely personal to the direct victim of the

alleged violation of federal law. Only Jeffrey Zibbell can prosecute his federal claim in his own name against MCRM under 42 U.S.C. § 1983. *Foos v. City of Delaware*, 2012 WL 2896901, * 10 (6th Cir. July 16, 2012); *Garrett v. Belmont County Sheriff's Department*, 374 Fed. Appx. 612, 615 (6th Cir. 2010); *Barber v. Overton*, 496 F.3d 449, 457-58 (6th Cir. 2007); *Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000); *Jaco v. Bloechle*, 739 F.2d 239, 241 (6th Cir. 1984).

## V. Prior Litigation in Case No. 2:07-cv-96

The Court takes judicial notice that on May 21, 2007, Jeffery and Cheryl Zibbell filed a lawsuit against MCRM and other defendants. The prior civil action is styled *Jeffrey Zibbell and Cheryl Zibbell v. State of Michigan Governor Jennifer Granholm, Citizens Insurance Company of America, State Bar of Michigan, Michigan Department of Human Services, Michigan Department of Community Mental Health, Marquette County Resource Management, Alger-Marquette Community Action Board, Upper Peninsula Power Company, Dale Schnieder, Stephen Enright, Marvin. Plotezka, and Keith Greenwald*, United States District Court for the Western District of Michigan, Northern Division, Case No. 2:07-cv-96.

The Zibbells were not successful in Case No. 2:07-cv-96. All of their claims were dismissed with prejudice, including their claims of discrimination brought against MCRM under Title II of the Americans With Disabilities Act, 42 U.S.C. § 12132, and the Rehabilitation Act, 29 U.S.C. § 794. *Zibbell v. Granholm*, 2007 WL 2438314 (W.D. Mich. Aug. 23, 2007) (*Zibbell I*); *Zibbell v. Granholm*, 2008 WL 1766588 (W.D. Mich. April 14, 2008) (*Zibbell II*); *affirmed in part and reversed in part, Zibbell v. Michigan Department of Human Services*, 313 Fed. Appx. 843 (6th Cir. 2009), *cert. denied*, 129 S.Ct. 2869, 174 L. Ed.2d 583 (2009). The reasons for dismissing the claims against MCRM are set forth by the Sixth Circuit in *Zibbell*, 313 Fed. Appx. at 848-50.

By bringing the instant suit against defendant MCRM under the Rehabilitation Act, 29 U.S.C. § 794, based on the claim of discrimination involving her disabled husband, Cheryl Zibbell seeks to resurrect and relitigate the same or similar Rehabilitation Act claims that were previously brought by Jeffrey Zibbell against MCRM under 29 U.S.C. § 794 and adjudicated in Case No. 2:07-cv-96. In short, this is the second time that the Zibbells have brought suit against MCRM involving essentially the same operative facts, issues, and claims.

## VI.    **Complaint Barred by *Res Judicata***

Magistrate Judge Greeley has submitted a report and recommendation that the complaint be dismissed with prejudice on the ground it is barred by *res judicata*. [Court Doc. 6]. It is further recommended that the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal to the Sixth Circuit Court of Appeals would not be taken in good faith and the plaintiff should not be allowed to proceed on appeal *in forma pauperis*.

Cheryl Zibbell has filed objections to the report and recommendation. [Court Doc. 7]. After reviewing the record *de novo*, the Court concludes that her objections are without merit and must be denied. With one minor exception, the Court accepts and adopts the report and recommendation pursuant to 28 U.S.C. § 636(b)(1). The entire complaint shall be dismissed with prejudice on the ground that it is barred by *res judicata*.

The last paragraph on page 2 of the report and recommendation discusses the "three-strikes" rule in 28 U.S.C. § 1915(g). The "three-strikes" rule only applies in civil actions brought by prisoners. 28 U.S.C. § 1915(g) is not applicable here because plaintiff Cheryl Zibbell is not a prisoner. The Court does not accept and adopt the portion of the report and recommendation that discusses the "three-strikes" rule in § 1915(g).

*Res judicata* is a rule of fundamental justice. Public policy dictates that there be an end to litigation; that those parties who have contested an issue be bound by the result of the litigation and the court's decision; and that matters once adjudicated shall be considered forever settled as between the parties. *Federated Department Stores v. Moitie*, 452 U.S. 394, 401 (1981); *Baldwin v. Traveling Men's Assn.*, 283 U.S. 522, 525 (1931). "To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153-54 (1979); *see also Allen v. McCurry*, 449 U.S. 90, 94 (1980); *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979).

*Res judicata* consists of two preclusion concepts: issue preclusion and claim preclusion. Issue preclusion, commonly referred to as collateral estoppel, refers to the effect of a court's judgment in foreclosing relitigation of an issue that has been litigated and decided. Issue preclusion or collateral estoppel dictates that once an issue is actually litigated and necessarily determined by a court of competent jurisdiction, the court's decision is conclusive in subsequent suits based on a different cause of action involving a party to the prior case. *Allen*, 449 U.S. at 94; *Montana*, 440 U.S. at 153; *Parklane*, 439 U.S. at 326 n. 5; *Electrical Workers Local 58 Pension Trust Fund v. Gary's Electric Service Co.*, 227 F.3d 646, 658 (6th Cir. 2000).

Claim preclusion refers to the effect of a court's final judgment in foreclosing further litigation of a claim that has never been actually litigated by the parties and decided by a court but which could have been advanced and litigated by a party in an earlier lawsuit. *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 77 n. 1 (1984); *Rawe v. Liberty Mutual Fire Ins.*

*Co.*, 462 F.3d 521,528 n. 5 (6th Cir. 2003); *Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003); *In re Fordu*, 201 F.3d 693, 702-03 (6th Cir. 1999); *Wilkins v. Jakeway*, 183 F.3d 528, 532 (6th Cir. 1999); *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996).

*Res judicata* extinguishes all rights of a plaintiff to bring claims and seek remedies against a defendant with respect to all or any part of the transaction, or series of connected transactions and events, out of which the plaintiff's cause of action arose. *TolTest, Inc. v. North American Specialty Ins. Co.*, 362 Fed. Appx. 514, 518 (6th Cir. 2010); *Rawe*, 462 F.3d at 529; *Walker v. General Telephone Co.*, 25 Fed. Appx. 332, 336 (6th Cir. 2001); *J.Z.G.*, 84 F.3d at 215. Under *res judicata*, the final judgment in Case 2:07-cv-96 precludes and bars Cheryl and Jeffrey Zibbell from relitigating any and all claims that either were litigated and decided or should have been raised and litigated by them in Case 2:07-cv-96. *Richards v. Jefferson County, Ala.*, 517 U.S. 793, 797 n. 4 (1996); *Migra*, 465 U.S. at 77 n. 1; *Federated Department Stores*, 452 U.S. at 398-401; *Huntsman v. Perry Local Schools Board of Education*, 379 Fed. Appx. 456, 461-62 (6th Cir. 2010); *Rawe*, 462 F.3d at 528-28; *Mitchell*, 343 F.3d at 819, 824; *Fordu*, 201 F.3d at 703; *Wilkins*, 183 F.3d at 532.

A claim or cause of action is precluded by *res judicata* if four elements are established: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties; (3) the second action raises an issue or claim which was actually litigated or should have been litigated in the prior action; and (4) an identity of the claims or causes of action. *Bragg v. Flint Board of Education*, 570 F.3d 775, 776 (6th Cir. 2009); *Hamilton's Bogarts, Inc. v. State of Michigan*, 501 F.3d 644, 650 n. 4 (6th Cir. 2007); *Rawe*, 462 F.3d at 528; *Mitchell*, 343 F.3d at 819; *Saylor v. United States*, 315 F.3d 664, 668 (6th Cir. 2003); *Begala*, 214 F.3d at 779; *Wilkins*, 183 F.3d at 532; *Bittinger v. Tecumseh Products Co.*, 123 F.3d 877, 880 (6th Cir. 1997).

All four elements necessary for the application of *res judicata* are met here. The Court has compared the instant complaint brought against defendant MCRM with the prior litigation in Case No. 2:07-cv-96. In Case No. 2:07-cv-96, there was a final judgment on the merits by a court of competent jurisdiction. The present action brought by Cheryl Zibbell in Case No. 2:12-cv-302 involves the same parties (Jeffrey Zibbell and MCRM), and it arises out of the same event or transaction and nucleus of operative facts as prior Case No. 2:07-cv-96. The instant action raises a claim by Jeffrey Zibbell against defendant MCRM under 29 U.S.C. § 794 that was actually litigated and decided, or could have been raised and litigated, in Case No. 2:07-cv-96.

The fourth element of *res judicata* is satisfied. Identity of claims or causes of action means an identity of the underlying facts and events creating the right of action and of the evidence necessary to sustain each action. *Browning v. Levy*, 283 F.3d 761, 773-74 (6th Cir. 2002); *Walker*, 25 Fed. Appx. at 336; *Sanders Confectionary Products, Inc. v. Heller Financial, Inc.*, 973 F.2d 474, 484 (Cir. 1992); *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981). This Court finds that there is identity of the claim or cause of action between prior Case No. 2:07-cv-96 and the present case. In both of these cases, it is claimed that MCRM violated 29 U.S.C. § 794(a) by discriminating against Jeffrey Zibbell on the basis of his disability and low income.

Consequently, the plaintiff's complaint shall be dismissed with prejudice on the ground that the present claim brought on behalf of Jeffrey Zibbell against defendant MCRM pursuant to 29 U.S.C. § 794 and 28 C.F.R. Part 39 is precluded and completely barred by *res judicata*. The law does not allow the Zibbells to bring multiple, repetitive lawsuits against defendant MCRM on the same claim that has previously been litigated and adjudicated by the federal courts in a never-ending quest for some relief. *Begala*, 214 F.3d at 780.

**VII.** **Plaintiff's Objections to Report and Recommendation**

In a futile effort to avoid or circumvent *res judicata*, Cheryl Zibbell raises four frivolous arguments and objections. First, she argues that in prior Case No. 2:07-cv-96, the Sixth Circuit Court of Appeals and the United States Supreme Court did not consider and adjudicate Jeffrey Zibbell's claim against MCRM under 29 U.S.C. § 794. This argument fails. She is mistaken. With regard to Case No. 2:07-cv-96, the Sixth Circuit's opinion clearly decided that Jeffrey Zibbells' claim against MCRM under 29 U.S.C. § 794 was without merit and properly dismissed with prejudice. *Zibbell*, 313 Fed. Appx. at 848-50. This issue is not open to reasonable debate.

Second, Cheryl Zibbell contends that if Jeffery's claim against MCRM under 29 U.S.C. § 794 is dismissed on the ground it is barred by *res judicata*, this would violate Jeffrey's right to procedural due process and equal protection of the law as guaranteed by the Fourteenth Amendment to the United States Constitution. It is again argued that no court has ever considered and decided this particular claim by Jeffrey Zibbell against MCRM.

This argument is predicated on a demonstrably false premise. The Court rejects the argument that if Jeffery Zibbell's claim against MCRM is barred *res judicata* it would violate his constitutional right to due process and equal protection of the law under the Fourteenth Amendment. Cheryl Zibbell is simply mistaken when she falsely asserts that no court has ever considered and decided Jeffery Zibbell's claim against MCRM under 29 U.S.C. § 794. With regard to the Zibbells' appeal in Case No. 2:07-cv-96, the Sixth Circuit Court of Appeals decided that Jeffrey Zibbell's claim against MCRM under 29 U.S.C. § 794 was without merit and properly dismissed with prejudice. *Zibbell*, 313 Fed. Appx. at 848-50. Cheryl Zibbell's arguments to the contrary are frivolous.

Next, Cheryl Zibbell contends that Jeffery Zibbell's claim against MCRM under 29 U.S.C.

14

§ 794 is not barred by *res judicata* because there is new evidence and she attaches exhibits to the complaint. [Court Doc. 1-1].  This argument fails.  After reviewing the record, the Court concludes that there is no new material evidence that precludes the application of *res judicata*.

The purported new evidence does not establish that Jeffrey Zibbell has a new or different claim or cause of action against MCRM under 29 U.S.C. § 794 that arose after he filed suit against MCRM in Case No. 2:07-cv-96.  The new information submitted by Cheryl Zibbell relates directly back to the core of Jeffery Zibbell's prior claim brought against MCRM under 29 U.S.C. § 794 in Case No. 2:07-cv-96.  It is all part of the same event or transaction, i.e. MCRM did not disburse $25,000 to Jeffrey Zibbell after 1999 to rehabilitate the house.

When applying *res judicata,* the Court focuses on the particular event or transaction that gave rise to Jeffery Zibbell's claim against MCRM under 29 U.S.C. § 794.  The key event or transaction is MCRM's alleged failure or refusal to disburse $25,000 to Jeffrey Zibbell after 1999 to rehabilitate the house.  This occurred before Jeffrey Zibble filed his prior lawsuit against MCRM in May 2007 in Case No. 2:07-cv-96.  Because Jeffrey Zibbell litigated this same claim against MCRM in Case No. 2:07-cv-96, his claim is now barred by *res judicata*.  *Rawe*, 462 F.3d at 529.

Cheryl Zibbell's "new evidence" merely tends to show that the amount of deterioration and damage to the Zibbells' house has increased during the past several years due to the lack of rehabilitation and repairs.  This new evidence of additional deterioration and damage to the house is insufficient to avoid the application of *res judicata* to Jeffery Zibbell's claim against MCRM under 29 U.S.C. § 794 which was adjudicated in Case No. 2:07-cv-96.  *Zibbell*, 313 Fed. Appx. at 848-50.

For example, Cheryl Zibbell submits a copy of a letter dated July 12, 2012 which was sent to the Zibbells by their homeowner's insurance carrier, Northern Mutual Insurance Company.  It

appears that the Zibbells made an insurance claim for "roof shingle damage." The insurance company declined or refused to provide coverage for the claimed loss. The insurance company sent an engineer to the Zibbells' house to inspect the roof. The inspection revealed that the roof had long-term deterioration and damage due to many years of neglect which is excluded from coverage under the terms of the homeowner's insurance policy. The roof has been leaking since at least 1999.

Similarly, Cheryl Zibbell contends that new evidence "originated" or came to light in June 2012 when the Zibbells applied to the Michigan Emergency Relief Fund to assist with repairing roof damage. The Michigan Department of Human Services (MDHS) inspected the roof and determined that it had been leaking for approximately 13 years since 1999. The Zibbells are now unable to obtain emergency funds from MDHS to repair the roof and it is alleged that this is due to MCRM's failure to provide $25,000 to Jeffrey Zibbell to rehabilitate the house and repair the leaking roof during the past 13 years which has left the house in violation of housing codes and "so outdated that no building materials can be matched" to repair the damage.

These matters do not establish that Jeffrey Zibbell has a new or different claim against MCRM under 29 U.S.C. § 794 that overcomes *res judicata*. It certainly did not come as any surprise to the Zibbells in 2012 that the roof on their house had been leaking for some 13 years and the leaking roof was causing significant damage. The Zibbells have known this since at least late 1999. The Zibbells did not need their homeowner's insurance carrier and MDHS to notify them about the roof leak and damage to the house. The Zibbells were fully aware of this problem when they brought their prior lawsuit against MCRM in Case No. 2:07-cv-96. This is not evidence of a new or different claim by Jeffrey Zibbell against MCRM which arose after 2007 and which was not known by him in 2007. In sum, Cheryl Zibbell fails to show a good reason why *res judicata* should not be applied

to bar Jeffrey Zibbell's claim against MCRM in the present case.

Even if we assume for the sake of argument that this new evidence might have changed the outcome of Jeffrey Zibbell's previous claim against MCRM under 29 U.S.C. § 794 in Case No. 2:07-cv-96 which is highly unlikely, this does not affect or prevent the application of *res judicata* now to bar Jeffrey Zibbell's claim against MCRM in the present case. *Saylor v. United States*, 315 F.3d 664, 668 (6th Cir. 2003); *Harrington v. Vandalia-Butler Board of Education*, 649 F.2d 434, 440 (6th Cir. 1981) (a mere showing that the second litigation, if allowed to proceed, would produce a different result is not sufficient to exempt a case from *res judicata* principles). The bottom line is that despite the new evidence presented by Cheryl Zibbell concerning the increased deterioration and damage to the house after 2007, Jeffrey Zibbell's claim against MCRM under 29 U.S.C. § 794 remains barred by *res judicata.*

Finally, Cheryl Zibbell makes a vague, conclusory argument that Jeffrey Zibbell's claim against MCRM under 29 U.S.C. § 794 should not be barred by *res judicata* because it falls under what she refers to as the "continuous violations doctrine." She does not bother to cite any law or provide any legal analysis to support her position. Cheryl Zibbell contends that Jeffrey is just as entitled today to receive $25,000 from MCRM to rehabilitate the house as he was entitled to receive the benefit from MCRM through the Home Rehabilitation Program in 1999. Cheryl Zibbell asserts that it is unfair for MCRM to lead Jeffrey Zibbell on for years after 1999 by placing him on an emergency waiting list and then exclude him from receiving the $25,000 benefit.

This argument is without merit. There is no continuing violation of 29 U.S.C. § 794 by MCRM. The question of continuing violations ordinarily arises in the context of deciding whether a plaintiff's claim is time-barred by a statute of limitation. *Bruce v. Correctional Medical Services,*

*Inc.*, 389 Fed. Appx. 462, 466 (6th Cir. 2010); *Eidson v. State of Tennessee Department of Children's Services*, 510 F.3d 631, 635 (6th Cir. 2007); *Tolbert v. Ohio Department of Transportation*, 172 F.3d 934, 940-41 (6th Cir. 1999). A continuing violation can occur when a defendant's past unlawful conduct continues into the present. When a continuing violation of the law is found, a plaintiff is entitled to have the court take into consideration all relevant actions taken pursuant to the defendant's wrongful policy or conduct, including those that would otherwise be time-barred by the statute of limitation. *Bruce*, 389 Fed. Appx. at 466; *Sharpe v. Cureton*, 319 F.3d 259, 267 (6th Cir. 2003).

The continuing violation doctrine, as articulated by the Sixth Circuit, is not applicable in this case involving Jeffrey Zibbell's claim against MCRM under 29 U.S.C. § 794 for the following reasons. This case does not involve the question whether Jeffrey Zibbell's claim against MCRM under 29 U.S.C. § 794 is time-barred by the statute of limitation. We are not dealing here with the statute of limitation. Instead, we are only concerned with the question whether Jeffrey Zibbell's claim against MCRM under 29 U.S.C. § 794 is barred by *res judicata*. There is no precedent in the Sixth Circuit to extend the continuing violation theory to allow Jeffrey Zibbell's claim to survive claim preclusion under the doctrine of *res judicata*. *Dubuc v. Green Oak Township*, 312 F.3d 736, 749 (6th Cir. 2002).

Even if the continuing violation theory may be extended to allow a plaintiff's claim to survive claim preclusion under the doctrine of *res judicata*, it would not afford any relief to Jeffrey Zibbell. His claim against MCRM under 29 U.S.C. § 794 is still barred by *res judicata.* The continuing violation doctrine cannot possibly apply here because the Sixth Circuit previously decided in Case 2:07-cv-96 that MCRM did not violate Jeffrey's rights under 29 U.S.C. § 794.

*Zibbell*, 313 Fed. Appx. at 848-50. There is no prior wrongful conduct on the part of MCRM that violates 29 U.S.C. § 794. In the absence of a prior violation of 29 U.S.C. § 794 by MCRM, there cannot be a continuing violation of § 794 by MCRM that extends beyond 2007 into the present time. This Court is guided by the Sixth Circuit's opinion in *Dubuc*, 312 F.3d at 751. Where it is obvious that the alleged ongoing unlawful conduct is actually the defendant continuing on the same course of conduct which has previously been found by a court to be proper and lawful, the court reviewing the second or subsequent lawsuit must conclude that the plaintiff is simply trying to relitigate the same claim which is barred by *res judicata*. *Id*.

There is an additional reason why the continuing violation doctrine is not applicable. At most, the complaint alleges that MCRM violated 29 U.S.C. § 794 in 1999-2007 when it failed or refused to disburse $25,000 to Jeffrey Zibbell to rehabilitate the house, and that this original violation beginning in 1999 or 2000 has continued unabated up to the present date. It is alleged that prior to 2007, MCRM failed or refused to disburse $25,000 to Jeffrey Zibbell to rehabilitate his house, and MCRM has continued to passively engage in this same conduct up to the present date. This is patently insufficient to establish a continuing violation of 29 U.S.C. § 794 by MCRM which could be utilized by Jeffrey Zibbell to avoid claim preclusion under *res judicata*. The mere passive inaction by MCRM after the conclusion of the litigation in Case No. 2:07-cv-96 does not constitute a continuing violation. The Sixth Circuit holds that this kind of passive inaction by a defendant does not support a continuing violation theory. *Bruce*, 389 Fed. Appx. at 466; *Eidson*, 510 F.3d at 635; *Tolbert*, 172 F.3d at 940.

Moreover, it is immaterial whether Cheryl Zibbell has obtained any new evidence in 2012 to show that the deterioration and damage to the Zibbells' house has increased during recent years

as a result of MCRM's original decision in 1999-2007 not to disburse $25,000 to Jeffrey Zibbell to rehabilitate the house. These new facts are insufficient to establish that there is a continuing violation of 29 U.S.C. § 794 by MCRM that survives *res judicata*. The Sixth Circuit holds that a continuing violation is occasioned by continuing unlawful acts, not the continual ill effects from an original violation. *Bruce*, 389 Fed. Appx. at 466; *Eidson*, 510 F.3d at 635. The complaint fails to allege any facts to show that MCRM has engaged in new or continuing unlawful acts after 2007 that violate Jeffrey Zibbell's rights under 29 U.S.C. § 794. At most, the complaint merely alleges that there is some new evidence which demonstrates continuing ill effects, i.e. more damages and deterioration to the house, being caused by MCRM's original decision in 1999-2007 not to disburse $25,000 to Jeffrey Zibbell to rehabilitate the house. These continuing ill effects do not amount to a continuing violation.

For all of these reasons, Cheryl Zibbell's reliance on a continuing violation theory is misplaced. There can be circumstances where *res judicata* does not apply to events that post-date the filing of the first lawsuit. The doctrine of claim preclusion under *res judicata* does not necessarily bar a plaintiff from litigating a new claim based on a defendant's conduct that occurred after the first lawsuit was filed. If a plaintiff could not have asserted a claim against a defendant in the first lawsuit because the claim was not yet ripe or the defendant's conduct had not yet occurred, then such a new claim is usually not barred and precluded by *res judicata*. A plaintiff is not required assert a claim that he did not have or was unable to bring against a defendant at the time the first lawsuit was filed. *Morgan v. Covington Township*, 648 F.3d 172, 177-78 (3rd Cir. 2011); *Rawe*, 462 F.3d at 529-30. However, this line of precedent does not afford any relief to Jeffrey Zibbell because he could have and did assert his claim against MCRM in 2007 in prior Case No. 2:07-cv-96.

**VIII.**   **Plaintiff's Motion for Appointment of Counsel**

Cheryl Zibbell moves for the appointment of counsel to represent Jeffrey Zibbell.   The motion [Court Doc. 4] is DENIED.   Jeffrey Zibbell is not a plaintiff in this case.   He has not signed the complaint as required by Fed. R. Civ. P. 11(a).   Moreover, the entire complaint is being dismissed with prejudice on the ground that it is barred by *res judicata*.

The Court allowed Cheryl Zibbell to file the complaint *in forma pauperis* under 28 U.S.C. § 1915(a)(1). In civil cases, an indigent party does not have a right under the United States Constitution and federal statutes to representation by a court-appointed attorney.   *Mallard v. U.S. District Court*, 490 U.S. 296 (1989); *Lince v. Youngert*, 136 Fed. Appx. 779, 782 (6th Cir. 2005); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Abdur-Rahman  v. Michigan Department of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604-06 (6th Cir. 1993).  This includes claims brought under 29 U.S.C. § 794.  Cheryl and Jeffrey Zibbell do not have a right under the Rehabilitation Act to be represented by court-appointed counsel. 29 U.S.C. §794(a) merely provides that in any action or proceeding to enforce or charge a violation of the Rehabilitation Act, the Court in its discretion may award the prevailing party a reasonable attorney's fee as part of the costs.  It does not authorize or require the Court to appoint counsel to represent the Zibbells.

Pursuant to 28 U.S.C. § 1915(e)(1) the Court in its discretion may request an attorney to represent a civil litigant who is unable to afford counsel.  The denial of appointment of counsel will be overturned on appeal only when it results in fundamental unfairness impinging on a party's right to constitutional due process.  *Lince*, 136 Fed. Appx. at 782; *Lavado*, 992 F.2d at 604-05; *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992).

The appointment of counsel in civil cases is justified only in exceptional circumstances.  To

determine whether exceptional circumstances exist, the Court considers various factors including the complexity of the factual and legal issues involved, the procedural posture of the case, and the Zibbells' ability to represent themselves without the assistance of an attorney. *Lince*, 136 Fed. Appx. at 782; *Lanier*, 332 F.3d at 1006; *Lavado*, 992 F.2d at 606.

After considering the relevant factors, the Court finds that it is unnecessary to request an attorney to represent Jeffrey Zibbell pursuant to 28 U.S.C. § 1915(e)(1). Denial of the motion seeking the appointment of an attorney to represent Jeffrey Zibbell will not result in fundamental unfairness that impinges upon his constitutional right to due process. There does not exist a genuine need for the appointment of counsel because the complaint is being dismissed with prejudice on the ground that it is barred by *res judicata*.

## IX.  <u>Conclusion</u>

The plaintiff's motion for appointment of counsel [Court Doc. 4] is DENIED. The plaintiff's objections to the Magistrate Judge's report and recommendation [Court Doc. 7] are DENIED.

Pursuant to 28 U.S.C. § 636(b)(1) the Court accepts and adopts the report and recommendation with the following exception. The last paragraph on page 2 of the report and recommendation discusses the "three-strikes" rule in 28 U.S.C. § 1915(g). The "three-strikes" rule only applies in civil actions brought by prisoners. 28 U.S.C. § 1915(g) is not applicable here because plaintiff Cheryl Zibbell is not a prisoner. The Court does not accept and adopt that portion of the report and recommendation concerning the "three-strikes" rule in 28 U.S.C. § 1915(g).

The entire complaint against defendant Marquette County Resource Management is DISMISSED WITH PREJUDICE. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal to the Sixth Circuit Court of Appeals from the judgment in this case would be frivolous and

not taken in good faith.  Cheryl Zibbell and Jeffrey Zibbell shall not be allowed to proceed on appeal *in forma pauperis*.

A separate judgment will be entered.

SO ORDERED.

Date:  February 20, 2013.


_____*/s/ R. Allan Edgar*_____
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE